This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ALFRED LUNA,**

Plaintiff-Appellant,

v.                                                                **NO. 29,886**

**JESSIE LUCERO,**

Defendant-Appellee,

**and**

**GROUP I**
**ANDERSON LIVING TRUST,**
**DONALD L. ANDERSON,**
**MELA ANDERSON, AND**
**MELA OTERO**,

**GROUP II**
**MABEL OTERO,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**Edmund H. Kase, III, District Judge**

Alfred Luna
Estancia, NM

Pro Se Appellant

Hunt & Davis, P.C.

Catherine F. Davis
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Appellant is appealing, pro se, from a district court order dismissing his claim against Defendant Jessie Lucero on res judicata grounds. We proposed to dismiss for lack of finality, and Appellant has filed a memorandum in opposition. Not persuaded, we dismiss the appeal.

A judgment is not final and appealable unless it practically disposes of the merits of the underlying controversy, leaving only issues collateral to and separate from that underlying controversy to be resolved. *See Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992); *see also* Rule 12-201(A) NMRA. Here, Appellant is appealing from from a district court order dismissing his claim against Defendant Jessie Lucero. [RP 76] The district court order dismissing Jessie Lucero specifically notes that she may proceed with her counterclaim. [RP 77, RP 17] Pursuant to Rule 1-054(B)(1) NMRA, this outstanding counterclaim makes the underlying judgment a non-final order. Accordingly, our calendar notice proposed to dismiss.

In his memorandum in opposition, Appellant is arguing that it is fundamentally unfair to bar his complaint, and he argues that it involves new claims.  Even if this is true, however, this does not address our rules of finality.  Once the counterclaim has been addressed, Appellant may then challenge any of the interlocutory rulings that have been made below, including the res judicata issue.  In the absence of a final order, we dismiss the appeal.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**RODERICK T. KENNEDY, Judge**